

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 9, 1962

Dr. R. G. Garrett
Executive Director
Texas Animal Health Commission
1020 State Office Building
Austin 1, Texas

Opinion No. WW-1305

Re: Whether the Texas
Animal Health Commission
can require slaughter
poultry being shipped
into Texas to be consigned
to slaughtering estab-
lishments maintaining
Federal veterinary post-
mortem inspection.

Dear Dr. Garrett:

We are in receipt of your request for opinion which
is stated as follows:

"Specifically, an opinion is desired as to
whether or not this Commission can require that all
slaughter poultry being shipped into this State
be consigned to slaughtering establishments
maintaining Federal veterinary post-mortem in-
spection. Present regulations do not place any
restrictions on the movement of slaughter poultry
into Texas."

An inspection of Article 1525b, Vernon's Penal Code
reveals that Sections 10, 11, 12 and 13 govern the shipping
of "livestock, cattle and hogs" into Texas.

Article 1505a of the Penal Code states in part as
follows:

". . .

"(b) The term "livestock" means, and shall
include any bovine, equine, caprine, ovine or
porcine animal. . . ."

The above definition of "livestock" and the use of
the word "cattle" leads us to the conclusion that "poultry"
may not properly be considered livestock or cattle, and that
therefore the provisions of Sections 10, 11, 12 and 13 do not
apply to poultry.

However, Section 9 of Article 1525b of the Penal Code states as follows:

"Sec. 9. It shall be unlawful for any person, firm or corporation to ship, drive, drift, haul, lead or otherwise move from any state, territory or foreign country into any county in the State of Texas, or for any railroad company or other common carrier to haul, ship, or transport into any county in the State of Texas from any state, territory, or foreign country, any cattle (except steers and spayed heifers), horses, mules, asses, sheep, goats, hogs, domestic animals or domestic fowls, except as hereinafter provided, unless the same are accompanied by a health certificate issued by a veterinarian authorized by or recognized by the Texas Animal Health Commission on a health certificate form prescribed in the rules and regulations of said Commission. The said Commission shall provide in its rules and regulations for authorizing and recognizing veterinarians of this state and of other states and Departments of the United States Government and no veterinarian shall be considered as recognized or authorized by said Commission, except as provided therein. The said certificate shall show that said livestock, domestic animals, and domestic fowls were inspected by said veterinarian sometime within the preceding ten days before they entered the State of Texas, and that he found them to be free of all infectious and contagious diseases, as such are determined by the Texas Animal Health Commission to be dangerous to livestock and that said animals were subjected to such tests, immunizations, and treatment as required under regulations adopted by said Commission. Any person, firm or corporation that shall ship, drive, drift, haul, lead or otherwise move into the State of Texas, or any railway or other common carrier that shall haul, ship, or transport into the State of Texas, any cattle (except steers and spayed heifers), horses, mules, asses, sheep, goats, hogs, domestic animals or domestic fowls, in violation hereof without the same being accompanied by said certificate shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined any sum of not less

than Twenty-five Dollars ($25.00) nor more
than One Hundred Dollars ($100.00) for each
head of livestock and for each domestic
animal or domestic fowl which said person,
firm or corporation, railway or other common
carrier ships, hauls, drives, drifts, trans-
ports, leads, or otherwise moves into the
State of Texas, in violation hereof.  <u>Cattle</u>
<u>and sheep and hogs billed and shipped for</u>
<u>immediate slaughter purposes shall be admitted</u>
<u>into the State of Texas without certification,</u>
<u>treatment, vaccination or testing.</u>"  (Emphasis
added).

We note from the above Article that all animals
there enumerated including "domestic fowls," which are shipped
into Texas must be subject to a health certificate on a form
"prescribed in the rules and regulations of said Commission."
The form of the certificate is to be left to the discretion
of the Commission, except that it must show "that said
livestock, domestic animals, and domestic fowls were inspected
by said veterinarian sometime within the preceding ten days
before they entered the State of Texas, and that he found
them <u>to be free of all infectious and contagious diseases,</u>
<u>as such are determined by the Texas Animal Health Commission</u>
<u>to be dangerous to livestock, and that said animals were</u>
<u>subjected to such tests, immunizations, and treatment as</u>
<u>required under regulations adopted by said Commission,</u>" among
other requirements. (Emphasis added).

We feel from the legislative intent as expressed in
Section 9 that since the Texas Animal Health Commission may
by its rules and regulations prescribe a certain health certi-
ficate which form must be executed before foreign poultry may
enter Texas, that it also has the authority to promulgate any
rules or regulations pertaining to the tests, immunizations,
and treatment of poultry coming into Texas for slaughtering.
The last sentence of Section 9 in excluding cattle, sheep,
and hogs brought into Texas for slaughter purposes from certi-
fication evidences to us that the Commission was to require
certification, under rules prescribed by them, for all other
animals to be slaughtered if they saw fit.

Authority is lacking, however for the Commission to
require that all poultry shipped into Texas be consigned to
particular establishments maintaining certain standards.  The
Legislature has not given this power to the Commission, and we
cannot infer same from Section 9 which concerns health certi-
ficates only.

## S U M M A R Y

The Texas Animal Health Commission may not require
that all poultry shipped into Texas be consigned
only to slaughtering establishments maintaining
Federal post-mortem inspection.  Any control over
poultry comes from Section 9 of Article 1525b of
Vernon's Penal Code which gives the Commission
authority to require a special health certificate
under rules and regulations of the Commission for
all poultry shipped into Texas for slaughtering.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Fred D. Ward
    Assistant

FDW:jkr:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Joseph Trimble
Charles Lind
Malcolm Quick

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.